## SECURITIES AND EXCHANGE COMMISSION v. ANDREWS et al.
### No. 294.

Circuit Court of Appeals, Second Circuit.
March 1, 1937.

Straus & Osserman and A. M. Lowenthal, all of New York City (Stanley Osserman, A. M. Lowenthal, and Theodore F. Tonkonogy, all of New York City, of counsel), for appellants.

Allen E. Throop, of Washington, D. C., and John F. Davidson, of New York City (John F. Davidson, of New York City, and Joseph A. Fanelli, of Washington, D. C., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Securities and Exchange Commission filed a bill of complaint pursuant to section 21(e) of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78u) to enjoin the defendants from violating the provisions of section 9 (15 U.S.C.A. § 78i) with respect to stock of Dictagraph Products Company, Inc. While the suit was pending upon bill, answer, and plaintiff's motion for a preliminary injunction, the Commission, on November 11, 1936, made an order pursuant to section 21(a) of the act (15 U.S.C.A. § 78u) for an investigation to determine whether to suspend unlisted trading privileges in Dictagraph stock pursuant to section 12(f), as amended (15 U.S.C.A. § 78l(f). Under date of November 17, 1936, a subpœna duces tecum was issued by the investigating officer directing Dictagraph Products Company, Inc., to appear before him. Thereupon the defendants filed their cross-bill of complaint to enjoin the Commission and its agents "from all activity with respect to" Dictagraph stock. Judge Mack dismissed the cross-bill for want of jurisdiction and want of equity.

The decree must be affirmed on the ground that the District Court was without jurisdiction to entertain the cross-bill. It is perfectly clear that a suit against the Commission, an administrative agency of the United States, can be maintained only in the courts and upon the terms specified in the statute. Illinois Cent. R. R. Co. v. Public Utilities Comm., 245 U.S. 493, 504, 38 S.Ct. 170, 62 L.Ed. 425. Section 25(a) of the act (15 U.S.C.A. § 78y) provides how and where a person aggrieved by an order of the Commission may obtain ju-

442

dicial review of such order. The order of November 11th, which merely initiated an investigation, was interlocutory and not reviewable under section 25. See Jones v. Securities and Exchange Comm., 79 F. (2d) 617, 619 (C.C.A.2), certiorari denied 297 U.S. 705, 56 S.Ct. 497, 80 L.Ed. 993. Even if it were reviewable, review could only be had in a Circuit Court of Appeals. For the District Court to restrain the execution of an order of the Commission would run counter to the plainly expressed purpose of the statute.

As the court lacked jurisdiction, it is unnecessary to consider the other contentions advanced by the appellants.

Decree affirmed.