## MONOCACY BROADCASTING CO. v. PRALL et al.

### No. 6818.

United States Court of Appeals for the District of Columbia.

Decided April 19, 1937.

G. Ridgely Sappington, of Baltimore, Md., and Stuart T. Saunders and J. V. Morgan, both of Washington, D. C., for appellant.

Hampson Gary, George B. Porter, and Fanney Neyman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decree of the District Court of the United States for the District of Columbia granting a motion of the appellee to dismiss a bill of complaint filed by appellant. The appellant was plaintiff below, the Federal Communications Commission was defendant, and the parties will be so named in this opinion.

It was alleged in substance in the plaintiff's bill that on June 7, 1935 the plaintiff, the Monocacy Broadcasting Company, a corporation, filed an application with the Federal Communications Commission for a permit to construct a new broadcasting station near Rockville, Md., and appellant set out as a statement of facts in support of the application;

That on July 2, 1935 the Commission considered the application and forthwith granted it without a hearing, under the provisions of rule 44 of the Commission's rules and regulations. A permit accordingly was issued to the applicant;

That rule 44 aforesaid provided that any application which is properly filed and conforms to the regulations of the Commission may be granted by the Commission without a hearing, if it appears conclusive to the Commission from the face of such application, and from other information had by the Commission, that the granting of such application would serve public interest, convenience and necessity, and would not adversely affect the interest of any other person or corporation holding a permit or other authorization from the Commission, or having an application therefor pending before the Commission, "provided, however, that any such grant shall be conditional and may be suspended and reconsidered by the Commission as hereinafter provided."

That on July 23, 1935 WCAU Broadcasting Company, owner and operator of Station WCAU, Philadelphia, filed a protest against the application of plaintiff on the ground that the proposed station would cause objectionable interference with the service rendered by Station WCAU. The protest complied in every respect with the provisions of the Commission's rule 45 covering such procedure;

That rule 45 aforesaid provides in substance as follows: In any case where an application is granted in whole or in part without a hearing as provided in rule 44, any person, whose interests are adversely affected by such grant, may obtain a hearing upon such application by adhering to the following procedure: Such parties shall, within 20 days from the date on which public announcement of such grant is made at the principal office of the Commission, or from its effective date if a later date is specified by the Commission, file with the Commission and serve upon or mail to the applicant a protest in writing directed to the action of the Commission making such grant. Upon the receipt by the Commission of such protest the application involved will be set for hearing and the applicant and other parties in interest notified thereof; provided, however, that upon such hearing the verified protest shall be taken as a pleading limiting the issues to be tried, but not as evidence of the facts therein stated;

That on January 25, 1935, the American Broadcasting Company, owner and operator of Station WOL, Washington, D. C., filed a protest, which however failed to comply with the requirements of rules 45,

supra, and the protest was denied by the Commission;

That on September 5, 1935, the Commission notified the plaintiff that its application had been set for hearing on September 25, 1935 upon the protest of Station WCAU, such hearing to be "upon the issues set forth in said protest."

That on September 16, 1935, the American Broadcasting Company, filed a petition for leave to intervene in the hearing to be held on September 25th upon plaintiff's application, pursuant to the protest of Station WCAU, but the petition did not set out any problem of interference with the WOL service area;

That on September 18, 1935, plaintiff filed an opposition to the aforesaid petition of WOL for leave to intervene, and moved to strike the petition from the files, on the ground that it failed to comply with the Commission's rule 59, requiring that a petition to intervene in a proceeding must disclose "a substantial interest in the subject matter of the hearing."

That on September 19, 1935, Station WCAU voluntarily withdrew its protest, and the Commission notified appellant that the hearing scheduled for September 25th was canceled;

That plaintiff claimed that pursuant to the Commission's rule 46 no further action was then necessary under the rules to make final a formal grant of the plaintiff's application, inasmuch as no protest remained before the Commission;

That nevertheless on September 24, 1935, the Commission reconsidered the plaintiff's application for the construction of a new station as aforesaid, and designated it for hearing with instructions that notices of the hearing be sent to Stations WCAU and WOL; that this action of the Commission was based upon no facts whatsoever in addition to those originally set forth by plaintiff and upon consideration of which the Commission had found that the public interest would be served and no person adversely affected by the operation of the proposed station;

That on September 27, 1935, plaintiff filed a motion with the Commission to reconsider its action designating appellant's application for a rehearing and to make final the original grant to plaintiff; this motion, however, was denied by the Commission on October 29, 1935, and the application of appellant was set for hearing before an examiner on February 3, 1936.

Plaintiff avers that upon the aforesaid facts it is lawfully possessed of a valid and absolute construction permit; that the only action which remained for the Commission to perform was to issue its approval of a site for the transmitter of the proposed station, but the Commission refuses to approve a transmitter site, and without such approval plaintiff may not commence construction and its permit may automatically be forfeited and lost; that plaintiff will thereby suffer irreparable damage. Plaintiff alleges that it had no remedy at law and only by the prompt interposition of a court of equity can plaintiff's interest be protected and irreparable injury to it avoided, wherefore, it prays that the court may grant to plaintiff an injunction enjoining the defendant from holding any hearing upon plaintiff's application to construct the new radio station set out in its original application, and to issue a modified permit to plaintiff for the construction of the radio station first applied for by it.

The defendant filed a motion to dismiss the bill of complaint above set out upon the ground, among others, that plaintiff had a plain, speedy, and adequate remedy at law under section 402 (b) of the Communications Act of 1934, 47 U.S.C.A. § 402 (b), which provides for appeals to the United States Court of Appeals for the District of Columbia, and the bill of complaint does not show that plaintiff has exhausted his legal remedy thereunder.

Thereupon the District Court sustained the motion and dismissed plaintiff's bill.

■■ We are of the opinion that the decision of the District Court is correct. It is fundamental that a court of equity will not issue an injunction where plaintiff has a plain, adequate, and complete remedy at law. Appellant had such a remedy under section 402 (b), subsec. (2) of the Communications Act of 1934 (48 Stat. 1093, 47 U.S.C.A. § 402 (b) (2) which provides in part as follows:

"An appeal may be taken, in the manner hereinafter provided, from decisions of the Commission to the United States Court of Appeals for the District of Columbia [now United States Court of Appeals for the District of Columbia] in any of the following cases:

"(1) By any applicant for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license, whose application is refused by the Commission.

"(2) By any other person aggrieved or whose interests are adversely affected by any decision of the commission granting or refusing any such application."

Under subsection 2 the appellant had a right to appeal immediately from the refusal of the Commission to make final, without a hearing, the original grant to it. It has been repeatedly held that the foregoing statute delegates to this court exclusive jurisdiction over all such appeals as the present one, and that other courts will not grant equitable relief by injunction in such cases. United States v. American Bond & Mortgage Co. (D.C.) 31 F. (2d) 448; White v. Fed. Radio Commission (D.C.) 29 F.(2d) 113; Sykes v. Jenny Wren Co., 64 App.D.C. 379, 78 F.(2d) 729, 104 A.L.R. 864.

Section 267 of the Judicial Code (28 U.S.C.A. § 384) reads as follows: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." In the case of Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 219, 76 L.Ed. 447, Mr. Justice Stone, referring to section 267 of the Judicial Code, said: "The effect of this section, which was but declaratory of the rule in equity, established long before its adoption, is to emphasize the rule and to forbid in terms recourse to the extraordinary remedies of equity where the right asserted may be fully protected at law."

It is contended by appellant that the case of Saltzman, Federal Radio Commission, v. Stromberg-Carlson Tel. Manufacturing Co., 60 App.D.C. 31, 46 F.(2d) 612, is authority for a different rule. We think, however, that this contention cannot be sustained. In that case the company was an existing licensee and the terms of its unconditional license had been changed by the Commission during a license period without notice to the licensee and without a hearing or an opportunity to the licensee to be heard. The opinion of this court in that case was that the ruling of the Commission was not simply erroneous, but was void. The decision does not furnish authority for the appellant's claim in the present case.

It is contended further by appellant that section 414 of the Communications Act of 1934 (47 U.S.C.A. § 414) is contrary to our conclusion. The section reads as follows: "Nothing in this act [statute] contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies."

It may be observed, however, that the rule followed in our present decision does not "abridge or alter the remedies now existing at common law or by statute," but is consistent with such existing remedies at common law and by statute.

The decree of the lower court is therefore affirmed.

Affirmed.