## UNITED STATES ex rel. KANSAS CITY SOUTHERN RY. CO. v. INTERSTATE COMMERCE COMMISSION et al. *

### No. 6952.

United States Court of Appeals for the District of Columbia.

Decided May 2, 1938.

*Writ of certiorari denied Kansas City Southern Ry. Co. v. Interstate Commerce Commission, 59 S. Ct. 86, 83 L.Ed. ——.

Thomas P. Littlepage, of Washington, D. C., and Samuel W. Moore and Frank H. Moore, both of Kansas City, Mo., for appellant.

Daniel W. Knowlton, Edward M. Reidy, and F. W. Clements, all of Washington, D. C., and Samuel W. Sawyer, of Kansas City, Mo., for appellees.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

MILLER, Associate Justice.

The fact situation out of which this case arises is essentially the same as that described in United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Comm., 294 U.S. 50, 55 S.Ct. 326, 79 L.Ed. 752. Appellant, The Kansas City Southern Railway Company, appeared as an intervener in the proceeding before the Interstate Commerce Commission in the earlier case. In the present case it appeared by original complaint before the Commission. In each of the two cases, the objective sought was to escape the burdens imposed upon it by an agreement—into which it had entered voluntarily—and which provided for the financing, maintenance and operation of a union terminal by a number of railroads entering Kansas City.

In each of the two cases, the Interstate Commerce Commission denied that it had power to grant the relief prayed for by appellant and declined to take jurisdiction.[1] In each case appellant applied to the District Court of the United States for the District of Columbia for a writ of mandamus directed to the Commission requiring it to hear and determine the issues presented. In United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Comm., supra, the Supreme Court upheld the action of the Commission in the first case. In the present case the lower court denied appellant's petition. United States ex rel. Kansas City Southern Ry. Co. v. Interstate Commerce Comm., D. C., 18 F.Supp. 94.

The question most discussed in the briefs and on argument was whether the decision of the Supreme Court in the earlier case is *res adjudicata*. It is not necessary to decide that question, however, in order to decide the present case. The principles of law stated in United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Comm., supra, are equally conclusive here.

The point upon which appellant relies to distinguish this case from its predecessor is stated in its brief as follows:

" . . . The objective of the intervening petition was the vindication of a purely private right—a reduction in its expenses of operation in the interest of itself and its stockholders. The objective of the complaint was the vindication of a public right—the protection of interstate commerce and interstate shippers from unlawful burdens, discrimination, and preferences made unlawful by Section 3 of the Act [49 U.S.C.A. § 3], and in conflict with the public interest and the established policy of Congress in providing an adequate and efficient transportation system for the people of the United States."

---

1 Missouri-Kansas-Texas R. Co. v. Kansas City Terminal Ry. Co., 104 I.C.C. 203; Kansas City Southern Ry. Co. v. Kansas City Terminal Ry. Co., 211 I.C.C. 291.

In its petition in the lower court, also, appellant placed emphasis upon this purported vindication of a public right by alleging that:

" . . . the charges exacted by the Terminal Company, under the Operating Agreement . . . from complainant and the other smaller users . . . were and are grossly unjust, inequitable and discriminatory, and contrary to the public interest and in conflict with the policy of Congress in the regulation of interstate commerce, . . and constitute an undue prejudice to and burden upon their interstate commerce, and are calculated seriously to impair, if not to destroy, their ability to render adequate. and efficient transportation service in interstate commerce at the lowest cost consistent with the furnishing of such service; and that a continuation of said disproportionate burdens, suffered by them, will inevitably lessen their ability properly to serve interstate commerce; and that the charges exacted of the three larger users constitute an undue, unreasonable and unlawful preference, advantage and discrimination in their favor, and to the interstate commerce carried on by them, and each of them."

▆ But this is not sufficient to distinguish the present case from United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Comm., supra, so far as concerns the rule regulating the issuance of the writ of mandamus. The various considerations urged by appellant in support of its contention that the Interstate Commerce Commission should have power to act under such circumstances may be important and persuasive so far as future legislation is concerned. The only question which we can consider, however, in a proceeding of this nature, is whether the law, as it now stands,[2] imposes upon the Commission a duty to act, so clearly specified as to be free from doubt and equivalent to a positive command. If there is no duty thus plainly prescribed, but, instead, a situation in which the construction or application of the statute requires the exercise of judgment or discretion, mandamus is not an appropriate remedy. Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 219, 50 S.Ct. 320, 324, 74 L.Ed. 809.[3] Public policy forbids the use of writs of mandamus to hamper the Commission in the performance of its important duties, unless it is clear beyond debate that it has failed or refused to conform to the statute. Interstate Commerce Comm. v. New York, N. H. & H. R. Co., 287 U.S. 178, 204, 53 S.Ct. 106, 113, 77 L.Ed. 248. "The policy of the law has been to give finality to orders of the Commission negative in form and substance, and to keep them out of the courts . . . . A dissatisfied complainant is not permitted to escape these limitations indirectly by broadening the functions of mandamus when he is barred from more direct review." Interstate Commerce Comm. v. United States ex rel. Campbell, 289 U.S. 385, 394, 53 S.Ct. 607, 611, 77 L.Ed. 1273.

In response to appellant's contention that it had power to grant the relief sought, the Commission made an exhaustive analysis of the various sections and cases cited; decided that the contention was unfounded; concluded that " . . . in none of the sections of the act relied upon is there an express grant of authority for us to accord the relief sought", and held that "We cannot, in order to carry out what we conceive to be the legislative intent, exercise powers which are neither expressly delegated, nor reasonably necessary in order to effectuate powers which are expressly delegated." Kansas City Southern Ry. Co. v. Kansas City Terminal Ry. Co., 211 I.C.C. 291, 298, 304.

▆ In our opinion the decision of the lower court upholding the action of the Commission should be affirmed. The duty of the Commission to take jurisdiction was not beyond peradventure clear. United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Comm., supra, at page 63, 55 S.Ct. at page 331. Consequently, mandamus is not a proper remedy. This being true it is not necessary for us to determine whether Congress has given

[2] United States ex rel. International Contracting Co. v. Lamont, 155 U.S. 303, 308, 15 S.Ct. 97, 39 L.Ed. 160; Ex parte Rowland, 104 U.S. 604, 612, 26 L.Ed. 861; United States ex rel. Stowell v. Deming, 57 App.D.C. 223, 224, 19 F.2d 697, 698.

[3] See, also, United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148; United States ex rel. International Contracting Co. v. Lamont, Ex parte Rowland, both supra note 2; United States ex rel. White v. Coe, 68 App.D.C. 218, 95 F.2d 347; Calf Leather Tanners' Ass'n v. Morgenthau, 65 App.D.C. 93, 99, 80 F.2d 536, 542; Reichelderfer v. Johnson, 63 App.D.C. 334, 335, 72 F.2d 552, 553.

to the Commission power to grant the relief prayed for.

 Nor is the fact, as appellant contends, that no other method of review may be available to test the Commission's ruling, sufficient reason for granting the writ; although this reason, again, may indicate the desirability of new legislation. In order to warrant the issuance of a writ of mandamus, "Not only must there be no such remedy, but it must appear that the administrative tribunal was plainly and palpably wrong in refusing to take jurisdiction." United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Comm., supra, at page 62, 55 S.Ct. at page 331.[4]

The facts and the law applicable to this case have been so thoroughly considered and set forth by the Supreme Court in the earlier case (United States ex rel. Chicago Great Western R. Co. v. Interstate Commerce Comm., supra), and by the Commission in the present case (Kansas City Southern Ry. Co. v. Kansas City Terminal Ry. Co., supra), that there is no occasion for further restatement thereof in this opinion.

Affirmed.

---

[4] See, also, People ex rel. Sayer v. Garnett, 130 Ill. 340, 344, 23 N.E. 331, 332; St. Louis & San Francisco R. Co. v. Shinn, 60 Kan. 111, 55 P. 346; Leigh v. State ex rel. O'Bannon, 69 Ala. 261.