101 F.2d 426 (1938)
UTAH FUEL CO. et al.
v.
NATIONAL BITUMINOUS COAL COMMISSION et al.
No. 7247.
United States Court of Appeals for the District of Columbia.
Decided December 5, 1938.
*427 Robert E. Quirk, of Washington, D. C., and J. V. Norman, of Louisville, Ky., for appellants.
Robert W. Knox, Gen. Counsel, and Thomas J. O'Brien, Atty., National Bituminous Coal Commission, and Robert L. Stern, Sp. Asst. to Atty. Gen., all of Washington, D. C., for appellees.
Allen Coe and Orville H. Walburn, both of Washington, D. C., filed a brief on behalf of Consumers' Counsel of the National Bituminous Coal Commission as amicus curiae.
Clarence A. Miller, of Washington, D. C., filed a brief on behalf of Aberdeen & Rockfish Railroad Company et al. as amici curiae.
Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.
MILLER, Associate Justice.
Appellants prepared and filed with appellee, National Bituminous Coal Commission, cost data and sales realization reports on forms supplied by the Commission pursuant to the provisions of the Bituminous Coal Act of 1937.[1] Thereafter the Commission ordered its secretary to make such reports available for inspection by interested persons in advance of hearings at Denver, Colorado, and Washington, D. C. In their bill, filed in the lower court, appellants alleged inter alia that the reports were filed by them as members in good standing of the Bituminous Coal Code; that the Act imposes upon appellees the duty to treat the *428 data contained in the reports in confidence as the private property of appellants; that the threatened disclosure of such data will cause irreparable injury and damage to their business and property; and prayed (1) that appellees be restrained from carrying out the orders for such disclosure; (2) that the court should order, adjudge and decree, pursuant to the provisions of the Federal Declaratory Judgment Act, Jud. Code § 274d, 28 U.S.C.A. § 400 (Supp.1938), that, except with the consent of appellants, appellees are without authority to make available for inspection the data and information submitted by appellants to the Commission. This appeal is from the decree of the lower court denying an injunction and dismissing the bill of complaint.
In Mallory Coal Company v. National Bituminous Coal Commission, 69 App.D.C. 166, 99 F.2d 399, this court held that an order of the Commission, identical in purpose and effect with the one complained of in appellants' bill, was preliminary and procedural in character, and hence not subject to judicial review. It is apparent, therefore, that appellants are, in the present case, attempting to achieve indirectly[2] a result which was denied in the Mallory Case, i. e., judicial review of a preliminary and procedural order of an administrative agency.
It is a well established rule that available administrative remedies must be exhausted before judicial review can properly be given,[3] and that, except as hereinafter noted, preliminary procedural orders of administrative agencies are not subject to judicial review.[4]
The jurisdictional question whether the order complained of is reviewable is basic and cannot be waived by the parties.[5] One of the important reasons for requiring exhaustion of administrative remedies is to prevent the transfer to courts of duties imposed by law upon administrative agencies. Waivers of such questions in order to secure judicial review cannot give jurisdiction on appeal. "Primary singleness of action and unity" are imperative, and this would be destroyed by substituting the court for the Commission or by creating a divided authority in the determination of such questions.[6]
It is also a well established rule that orders of federal administrative *429 agencies may be reviewed only in the courts and pursuant to the procedures specified by Congress in the pertinent statutes.[7] It is apparent from the language of the Bituminous Coal Act that Congress intended all interested persons, who desired to do so, to seek relief pursuant to the administrative procedure therein provided;[8] that it intended judicial review of the Commission's orders to be given exclusively by the United States circuit courts of appeals or by the United States Court of Appeals for the District of Columbia.[9]
In some instances Congress has provided for judicial review of administrative action by use of the writ of injunction, as in the case of the Interstate Commerce Commission.[10] In others it has provided for alternative review by appeal or by writ of injunction as in the case of the Radio Act of 1927[11]. In other instances, as in the Bituminous Coal Act, Congress has made no express provision for injunctive relief. It is twice provided in the Act that the United States Court of Appeals for the District of Columbia and the United States circuit courts of appeals shall have exclusive jurisdiction to enforce, set aside or modify orders of the Commission.[12]
For a number of reasons injunctive relief is not a proper remedy in the present case. If it should appear that in a particular statute no adequate provision had been made for judicial relief, the writ of injunction might perhaps be the only proper available remedy.[13] But the rule is otherwise when adequate provision has been made for judicial review,[14] and in this respect the provisions of the Bituminous Coal Act are clearly adequate. The language of the Act is almost word for word identical in this respect with the review provision *430 of the Securities and Exchange Act,[15] and of the Federal Power Act.[16] It also resembles closely the review provision of the National Labor Relations Act;[17] of which the Supreme Court has said:
"Upon that review all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority, are open to examination by the court."[18]
Equally inclusive review will be available from a final order of the National Bituminous Coal Commission and will provide full opportunity for challenging and testing its procedural order here involved.
Again, even where Congress has expressly provided for review by means of writ of injunction  as in the case of the Interstate Commerce Commission[19]  relief has been denied where the order sought to be enjoined was, as in the present case, a mere step in procedure;[20] and even though in some cases no other review may be available.[21]
Moreover, even in a suit properly brought, in a case of which an equity court has jurisdiction, injunctive relief cannot be given, where the action sought to be enjoined involves a judgment based upon an exercise of discretion by an administrative agency in a matter properly within its jurisdiction.[22] The issuance of an injunction in the present case would require a determination that the Commission's order was plainly and palpably erroneous and violative *431 of a ministerial duty imposed by law beyond peradventure clear. Although it may be argued that such a duty appears to have been imposed by Section 4(a) of the Act, 15 U.S.C.A. § 833(a), requiring that the cost data and sales realization reports solicited by the Commission be kept secret, it may be just as persuasively argued that the provisions of Section 10(a), 15 U.S. C.A. § 840(a) permit the introduction of such material into evidence at any hearing before the Commission. The question may be properly reviewed and determined when it comes to us on appeal from a final order, but it is not before us at this time. The statute being ambiguous, and the construction placed thereon by the Commission being a possible one, injunctive relief at this time is not a proper remedy in any event.[23]
Appellants' bill in the lower court also sought relief under the provisions of the Federal Declaratory Judgment Act. Jud.Code § 274d, 28 U.S.C.A. § 400 (Supp. 1938). But the procedure of that Act is not available to appellants. As was said by Sibley, J., in Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F.2d 97, 100, certiorari denied, 299 U.S. 559, 57 S.Ct. 21, 81 L.Ed. 411: "The new power to make a declaratory decree does not authorize a court of equity by declaration to stop or interfere with administrative proceedings at a point where it would not, under settled principles, have interfered with or stopped them under its power to enjoin." The statute does not add to the jurisdiction of the federal courts, or create any new substantive right.[24] It is a procedural statute, which adds a remedy for use in cases of which federal courts already have jurisdiction.[25] The Federal Declaratory Judgment Act "does not enlarge the scope of equity jurisdiction to permit its application to controversies which have not yet reached the judicial stage."[26] The controversy must be one which is appropriate for judicial determination.[27] It is necessary, in order to insure the effectiveness of administrative procedures, that interested and aggrieved persons be required to exhaust administrative remedies before seeking judicial review or judicial interference.[28]
*432 To permit judicial review, either by injunction or by declaratory judgment, of every procedural, preliminary and interlocutory order or ruling by which a person may consider himself aggrieved, would afford opportunity for constant delays in the course of administrative proceedings[29] and would render orderly administrative procedure impossible.[30] Moreover, it would result in bringing to the courts such an avalanche of trivial procedural questions as largely to monopolize their time and energies.[31] That some injury may result from appellants being forced to await the entry of a final order before securing judicial review is a regrettable but not controlling factor under such circumstances.[32] Injury may result also from judicial determinations[33] and from direct legislative action. ". . . the expense and annoyance of litigation is `part of the social burden of living under government.'"[34] Presumably Congress balanced the various considerations of private convenience and public policy when it enacted the Bituminous Coal Act.
The lower court was without jurisdiction and the motion to dismiss was properly granted. Consequently, it is unnecessary for us to consider appellants' other contentions.
Affirmed.
NOTES
[1] 50 Stat. 88, 15 U.S.C.A. § 840 (Supp. 1938).
[2] See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638.
[3] Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 385, 58 S.Ct. 963, 82 L.Ed. 1408; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51, 58 S.Ct. 459, 82 L.Ed. 638; Hegeman Farms Corp. v. Baldwin, 293 U.S. 163, 172, 55 S.Ct. 7, 79 L.Ed. 259; Porter v. Investors' Syndicate, 286 U.S. 461, 468, 52 S.Ct. 617, 76 L.Ed. 1226; United States v. Illinois Central R. R., 291 U.S. 457, 463, 54 S.Ct. 471, 78 L.Ed. 909; First Nat. Bank v. Board of County Commissioners, 264 U.S. 450, 455, 44 S.Ct. 385, 68 L.Ed. 784; Gorham Mfg. Co. v. State Tax Comm., 266 U.S. 265, 269, 270, 45 S. Ct. 80, 69 L.Ed. 279; Red River Broadcasting Co., Inc. v. Federal Communications Comm., 69 App.D.C. 3, 98 F.2d 282, 284, certiorari denied 59 S.Ct. 86, 83 L. Ed. ___. Cf. Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 311, 58 S.Ct. 199, 82 L.Ed. 276; United States v. Abilene & Southern Ry., 265 U.S. 274, 282, 44 S.Ct. 565, 68 L.Ed. 1016; Delaware & Hudson Co. v. United States, 266 U.S. 438, 449, 45 S.Ct. 153, 69 L.Ed. 369.
[4] Federal Power Comm. v. Metropolitan Edison Co., supra note 3; United States v. Illinois Central R. R., 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007. See also, Jones v. Securities and Exchange Comm., 2 Cir., 79 F.2d 617, 619, certiorari denied, 297 U.S. 705, 56 S.Ct. 497, 80 L.Ed. 993, wherein such orders were likened to interlocutory orders of a court.
[5] United States v. Griffin, 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764; Houston Natural Gas Corp. v. Securities and Exchange Comm., 4 Cir., 100 F.2d 5. See also, Federal Trade Comm. v. Claire Furnace Co., 274 U.S. 160, 174, 47 S.Ct. 553, 71 L.Ed. 978; Piedmont & Northern Ry. v. United States, 280 U.S. 469, 478, 50 S.Ct. 192, 74 L.Ed. 551; Reid v. United States, 211 U.S. 529, 539, 29 S. Ct. 171, 53 L.Ed. 313; Southland Industries, Inc. v. Federal Communications Comm., 69 App.D.C. 82, 99 F.2d 117; Woodmen of the World Life Ins. Ass'n v. Federal Communications Comm., 69 App. D.C. 87, 99 F.2d 122.
[6] See Procter & Gamble Co. v. United States, 225 U.S. 282, 298, 299, 32 S. Ct. 761, 56 L.Ed. 1091; Standard Oil Co. v. United States, 283 U.S. 235, 241, 51 S.Ct. 429, 75 L.Ed. 999; Lehigh Valley R. R. v. United States, 243 U.S. 412, 37 S.Ct. 397, 61 L.Ed. 819; Manufacturers' Ry. v. United States, 246 U.S. 457, 483, 38 S.Ct. 383, 62 L.Ed. 831; Jones v. Securities and Exchange Comm., 2 Cir., 79 F.2d 617, certiorari denied 297 U.S. 705, 56 S.Ct. 497, 80 L.Ed. 993.
[7] Securities and Exchange Comm. v. Andrews, 2 Cir., 88 F.2d 441, cited with approval in Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 385, 58 S.Ct. 963, 82 L.Ed. 1408; American Sumatra Tobacco Corp. v. Securities and Exchange Comm., 68 App.D.C. 77, 82, 93 F.2d 236, 241; Sykes v. Jenny Wren Co., 64 App.D.C. 379, 78 F.2d 729, 104 A.L.R. 864, certiorari denied 296 U.S. 624, 56 S.Ct. 147, 80 L.Ed. 443; Monocacy Broadcasting Co. v. Prall, 67 App.D.C. 176, 90 F.2d 421; Jones v. Securities and Exchange Comm., 2 Cir., 79 F.2d 617, 619, certiorari denied, 297 U.S. 705, 56 S.Ct. 497, 80 L.Ed. 993; Black River Valley Broadcasts, Inc. v. McNinch, 69 App.D.C. 311, 101 F.2d 235, decided November 21, 1938. Cf. Federal Trade Comm. v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 71 L. Ed. 978.
[8] Sections 6(a), 12, 15, 50 Stat. 72, 85, 88, 90, 15 U.S.C.A. §§ 836(a), 842, 845 (Supp. 1938). See Mallory Coal Co. v. National Bituminous Coal Comm., 69 App. D.C. 166, 99 F.2d 399.
[9] Section 6(b), 50 Stat. 72, 85, 15 U.S. C.A. § 836(b) (Supp.1938).
[10] Urgency Deficiencies Act of October 22, 1913, 38 Stat. 208, 219, 220, 28 U. S.C.A. §§ 41(28), 46, 47. See Skinner & Eddy Corp. v. United States, 249 U.S. 557, 563, 39 S.Ct. 375, 63 L.Ed. 772.
[11] 44 Stat. 1169 (But note such alternative review was limited to orders revoking station licenses.). Cf. Communications Commission Act of 1934, 48 Stat. 1093, 1099, 47 U.S.C.A. §§ 402(b)(2), 414 (Supp.1938). But see Monocacy Broadcasting Co. v. Prall, 67 App.D.C. 176, 90 F.2d 421, and Sykes v. Jenny Wren Co., 64 App.D.C. 379, 78 F.2d 729, 104 A.L. R. 864, certiorari denied, 296 U.S. 624, 56 S.Ct. 147, 80 L.Ed. 443. See also, Black River Valley Broadcasts, Inc. v. McNinch, 69 App.D.C. 311, 101 F.2d 235. decided November 21, 1938.
[12] Section 6(b), (d), 50 Stat. 72, 85, 86, 15 U.S.C.A. § 836(b), (d) (Supp.1938).
[13] See Shields v. Utah Idaho Central R. R., 59 S.Ct. 160, 83 L.Ed. ___, decided this day; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50, 58 S. Ct. 459, 82 L.Ed. 638; Anniston Mfg. Co. v. Davis, 301 U.S. 337, 343 et seq., 57 S.Ct. 816, 81 L.Ed. 1143; Kansas City So. Ry. v. May, 8 Cir., 2 F.2d 680, 687. See also, United States v. Los Angeles & Salt Lake R. R., 273 U.S. 299, 312, 47 S.Ct. 413, 71 L.Ed. 651; United States v. Griffin, 303 U.S. 226, 238, 58 S.Ct. 601, 82 L.Ed. 764; Federal Trade Comm. v. Millers' Nat. Federation, 57 App.D.C. 360, 23 F.2d 968, certiorari denied 274 U.S. 743, 47 S.Ct. 588, 71 L.Ed. 1321; South Porto Rico Sugar Co. v. Munoz, 1 Cir., 28 F.2d 820. Cf. Appalachian Elec. Power Co. v. Smith, 4 Cir., 67 F.2d 451, certiorari denied 291 U.S. 674, 54 S.Ct. 458, 78 L.Ed. 1063; Carolina Aluminum Co. v. Federal Power Comm., 4 Cir., 97 F.2d 435.
[14] See cases cited in preceding note, and see also, Shields v. Utah Idaho Central R. R., 59 S.Ct. 160, 83 L.Ed. ___, decided this day; Federal Trade Comm. v. Claire Furnace Co., 274 U.S. 160, 174, 47 S.Ct. 553, 71 L.Ed. 978; Federal Trade Comm. v. Maynard Coal Co., 57 App.D.C. 297, 22 F.2d 873.
[15] 48 Stat. 901, 15 U.S.C.A. § 78y(a) (Supp.1938). See Securities and Exchange Comm. v. Andrews, 2 Cir., 88 F. 2d 441.
[16] 49 Stat. 860, 16 U.S.C.A. § 825 l(b) (Supp.1938). See Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408; Newport Elec. Corp. v. Federal Power Comm., 2 Cir., 97 F.2d 580.
[17] 49 Stat. 449, 455, 29 U.S.C.A. § 160 (f) (Supp.1938).
[18] National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 47, 57 S.Ct. 615, 629, 81 L.Ed. 893, 108 A.L.R. 1352; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 49, 58 S.Ct. 459, 82 L.Ed. 638. See also, Anniston Mfg. Co. v. Davis, 301 U.S. 337, 345-346, 57 S.Ct. 816, 81 L.Ed. 1143.
[19] 38 Stat. 208, 219, 220, 28 U.S.C.A. §§ 41(28), 46, 47, supra note 10.
[20] United States v. Illinois Central R. R., 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007; New York, O. & W. Ry. v. United States, D.C.S.D.N.Y., 14 F.2d 850, affirmed, 273 U.S. 652, 47 S.Ct. 334, 71 L.Ed. 823. See Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 384-385, 58 S.Ct. 963, 82 L.Ed. 1408.
[21] See Piedmont & Northern Ry. v. United States, 280 U.S. 469, 477, 50 S. Ct. 192, 74 L.Ed. 551; Great Northern Ry. v. United States, 277 U.S. 172, 182, 48 S.Ct. 466, 72 L.Ed. 838. See also, United States ex rel. Chicago Great Western R. R. v. Interstate Commerce Comm., 294 U.S. 50, 62, 55 S.Ct. 326, 79 L.Ed. 752; United States ex rel. Kansas City So. Ry. v. Interstate Commerce Comm., 68 App.D.C. 396, 98 F.2d 268, certiorari denied 59 S.Ct. 86, 83 L.Ed. ___; Newport Elec. Corp. v. Federal Power Comm., 2 Cir., 97 F.2d 580; United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 325, 23 S.Ct. 698, 47 L.Ed. 1074. Cf. Shields v. Utah Idaho Central R. R., 59 S.Ct. 160, 83 L.Ed. ___, decided this day.

Orders of the Interstate Commerce Commission may be subjected to statutory injunction only when they are final in the sense that they dispose of controversies, as distinguished from being merely a part of the preliminary stage of the proceedings in a controversy. United States v. Illinois Central R. R., 244 U. S. 82, 88, 89, 37 S.Ct. 584, 61 L.Ed. 1007. Consequently, an order merely declaratory of the rights of the parties without granting or denying relief and without compelling or restraining action is not subject to attack. Piedmont & Northern Ry. v. United States, supra. Cf. Procter & Gamble Co. v. United States, 225 U.S. 282, 32 S.Ct. 761, 56 L. Ed. 1091; Hooker v. Knapp, 225 U.S. 302, 32 S.Ct. 769, 56 L.Ed. 1099; The Chicago Junction Case, 264 U.S. 258, 264, 44 S.Ct. 317, 68 L.Ed. 667. The same is true of orders merely tentative which do not determine the rights of parties. United States v. Los Angeles & Salt Lake R. R., 273 U.S. 299, 308, 309, 314, 47 S.Ct. 413, 71 L.Ed. 651; Delaware and Hudson Co. v. United States, 266 U.S. 438, 449, 45 S.Ct. 153, 69 L.Ed. 369. See United States v. Atlanta, Birmingham & Coast R. R., 282 U.S. 522, 527, 528, 51 S.Ct. 237, 75 L.Ed. 513. See generally, Tollefson, Judicial Review of the Decisions of the Interstate Commerce Commission, 5 Geo. Wash. L. Rev. 503, 535 et seq.
[22] See Proctor & Gamble Co. v. Coe, 68 App.D.C. 246, 96 F.2d 518, certiorari denied, 59 S.Ct. 65, 83 L.Ed. ___, and authorities there cited. See also, United States ex rel. Kansas City So. Ry. v. Interstate Commerce Comm., 68 App. D.C. 396, 98 F.2d 268, certiorari denied, 59 S.Ct. 86, 83 L.Ed. ___, and authorities there cited.
[23] United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 324, 23 S.Ct. 698, 47 L.Ed. 1074; Louisiana v. McAdoo, 234 U.S. 627, 633, 34 S.Ct. 938, 58 L.Ed. 1506; New Orleans v. Paine, 147 U.S. 261, 13 S.Ct. 303, 37 L.Ed. 162; Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 218, 219, 50 S.Ct. 320, 74 L.Ed. 809; United States ex rel. Chicago Great Western R. R. v. Interstate Commerce Comm., 294 U.S. 50, 61, 55 S.Ct. 326, 79 L.Ed. 752; Proctor & Gamble Co. v. Coe, 68 App.D.C. 246, 96 F.2d 518, certiorari denied 59 S.Ct. 65, 83 L. Ed. ___, and authorities there cited.
[24] Ohio Casualty Ins. Co. v. Marr, 10 Cir., 98 F.2d 973, 975; Board of Commissioners v. Cockrell, 5 Cir., 91 F.2d 412, certiorari denied, Cockrell v. Buras Levee Dist., 302 U.S. 740, 58 S.Ct. 142, 82 L.Ed. 572.
[25] Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223, certiorari denied, 296 U.S. 612, 56 S.Ct. 132, 80 L.Ed. 434; Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121, 122; Gully v. Interstate Natural Gas Co., 5 Cir., 82 F.2d 145, 149; Borchard, The Federal Declaratory Judgments Act, 21 Va.L.Rev. 35, 39.
[26] Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F.2d 97, 100, certiorari denied, 299 U.S. 559, 57 S.Ct. 21, 81 L.Ed. 411. See also, Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325, 56 S.Ct. 466, 80 L.Ed. 688; United States v. West Virginia, 295 U.S. 463, 475, 55 S.Ct. 789, 79 L. Ed. 1546; Putnam v. Ickes, 64 App.D. C. 339, 342, 78 F.2d 223, 226, certiorari denied, 296 U.S. 612, 56 S.Ct. 132, 80 L. Ed. 434.
[27] Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406, 409. See Securities and Exchange Comm. v. Andrews, 2 Cir., 88 F.2d 441, cited with approval in Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 385, 58 S.Ct. 963, 82 L.Ed. 1408.
[28] See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638, and cases there cited. See also, Adams v. Nagle, 303 U.S. 532, 543, 58 S.Ct. 687, 693, 82 L.Ed. 999: "It would be arbitrary, in the proper sense of the term, for an official to act in the teeth of a statute or stubbornly to refuse to act at all where a statute commands action, but where he essays to exercise the jurisdiction conferred upon him, though his errors may be subject to subsequent correction, they cannot be enjoined as an arbitrary exercise of his authority. To hold otherwise would render orderly administrative procedure impossible."
[29] Cf. Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 383, 384, 58 S.Ct. 963, 82 L.Ed. 1408.
[30] See Adams v. Nagle, 303 U.S. 532, 543, 58 S.Ct. 687, 82 L.Ed. 999. Cf. United States v. Griffin, 303 U.S. 226, 236, 237, 58 S.Ct. 601, 82 L.Ed. 764.
[31] See Federal Trade Comm. v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978.
[32] Federal Power Comm. v. Metropolitan Edison Co., 304 U.S. 375, 385, 58 S.Ct. 963, 968, 82 L.Ed. 1408: "So, attempts to enjoin administrative hearings because of a supposed or threatened injury, and thus obtain judicial relief before the prescribed administrative remedy has been exhausted, have been held to be at war with the long-settled rule of judicial administration. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 8 S.Ct. 459, 82 L.Ed. 638. See also, Securities & Exchange Comm'n v. Andrews, 2 Cir., 88 F.2d 441." See United States v. Los Angeles & Salt Lake R. R., 273 U. S. 299, 314, 47 S.Ct. 413, 71 L.Ed. 651.
[33] See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 52, 58 S. Ct. 459, 82 L.Ed. 638.
[34] Petroleum Exploration, Inc. v. Public Service Comm., 304 U.S. 209, 222, 58 S.Ct. 834, 82 L.Ed. 1294; Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F.2d 97, 100, certiorari denied 299 U.S. 559, 57 S.Ct. 21, 81 L. Ed. 411.

In Heller Bros. Co. v. Lind, 66 App. D.C. 306, 308, 86 F.2d 862, 864, certiorari denied 300 U.S. 672, 57 S.Ct. 611, 81 L.Ed. 878, we said, citing Bradley Lumber Co. v. National Labor Relations Board, supra: "And, if the act should subsequently be held to be unconstitutional in a proper case, these losses will have to be borne without redress. But  as was said by Judge Sibley in a similar case in the Fifth Circuit  these things are incident to every sort of trial and are part of the social burden of living under government. They are not the irreparable damage as to which equity will interfere to prevent."