## NEW YORK STATE GUERNSEY BREEDERS CO–OP., Inc., et al. v. WALLACE, Secretary of Agriculture.

District Court, N. D. New York.
May 16, 1939.

Dissenting Opinion May 20, 1939.

Henry S. Manley, of Albany, N. Y., for plaintiffs.

John S. L. Yost and Charles J. McCarthy, Sp. Assts. to Atty. Gen. (Ralph L. Emmons, U. S. Atty., of Syracuse, N.

Y., and E. O. Mather, of Washington, D. C., of counsel), for defendant.

Before PATTERSON, Circuit Judge, and COOPER and KNIGHT, District Judges.

PATTERSON, Circuit Judge.

The Secretary of Agriculture on August 5, 1938, issued an order regulating the handling of milk in the New York metropolitan marketing area to the extent that such milk is in interstate commerce or directly burdens interstate commerce. The order, known as Order 27, was made under the Agricultural Marketing Agreement Act of 1937 (7 U.S.C.A. § 601ff). By the Order producers are paid uniform prices for milk delivered, irrespective of the uses made of the milk, subject to certain adjustments. Some weeks after the Order had gone into operation New York State Guernsey Breeders Co-operative, Inc., referred to for brevity as the Co-operative, filed with the Secretary a petition under Section 8c(15)(A) of the Act.[1] In the petition the Co-operative alleged that the milk handled by it in behalf of producers had acquired a predominantly fluid milk market and commanded the highest prices by reason of superiority, advertising and contracts entered into, and that the Order had had an adverse effect on the prices received. It charged that the Order was not "in accordance with law" because it failed to give the Co-operative "an adjustment for the grade or quality of the milk delivered", as provided by the Act, and because the Order did not conform to the Act in certain other respects. It added the charge that the equalization provisions of the Order and the Act purporting to authorize such provisions deprived it of property without due process and took its property for public use without compensation, in violation of the Constitution (U.S.C.A. Const. Amend. 5). The relief asked for was that it be exempted from the equalization provisions or that the Order be amended to give it an appropriate differential. A hearing on the petition was held and evidence taken. The Secretary, having made findings and conclusions, entered a ruling denying the petition.

Within twenty days after denial of the petition the Co-operative, joined by MacElroy, one of its members, commenced the present suit against the Secretary in the District Court for the Northern District of New York, the district of residence and principal place of business of the plaintiffs. The complaint makes reference to section 8c(15)(B) of the Act, 7 U.S.C.A. § 608c(15)(B). Subsection (15)(B) is to the effect that a handler whose petition has been denied by the Secretary may bring a bill in equity in the District Court of his residence or principal place of business "to review such ruling", that "if the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions either (1) to make such ruling as the court shall determine to be in accordance with law, or (2) to take such further proceedings as, in its opinion, the law requires," and that the pendency of the proceedings shall not abate proceedings brought by the United States or the Secretary for enforcement of orders in the same subject matter.[2]

---

[1] (15) (A) "Any handler subject to an order may file a written petition with the Secretary of Agriculture, stating that any such order or any provision of any such order or any obligation imposed in connection therewith is not in accordance with law and praying for a modification thereof or to be exempted therefrom. He shall thereupon be given an opportunity for a hearing upon such petition, in accordance with regulations made by the Secretary of Agriculture, with the approval of the President. After such hearing, the Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law." 7 U.S.C.A. § 608c(15) (A).

[2] (15) (B) "The District Courts of the United States (including the district court of the United States for the District of Columbia) in any district in which such handler is an inhabitant, or has his principal place of business, are hereby vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty days from the date of the entry of such ruling. Service of process in such proceedings may be had upon the Secretary by delivering to him a copy of the bill of complaint. If the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions either (1) to make such ruling as the court shall determine to be in accordance with law, or (2) to take such further proceedings as, in its opinion, the law requires. The pendency of proceedings instituted pursuant to this subsection (15) shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief

The complaint pleads the foregoing facts and contains a prayer that the Secretary's decision be reviewed and held not in accordance with law, because the Secretary did not truly interpret and apply Order 27 and the Act to the Co-operative's case and also because the proceeding before the Secretary was not properly conducted. But the complaint goes further and contains many allegations of fact not touched in the petition or in the proceeding before the Secretary. The additional allegations relate in the main to alleged errors by the Secretary in determining "base period" and minimum price factors in his Order 27. On these allegations the complaint tenders further issues of constitutionality of the Act and departure of Order 27 from the provisions of the Act, and asks for temporary and permanent injunction against enforcement of the Act, Order and ruling. Service was made on the defendant in the District of Columbia.

The defendant moved to dismiss the action or to quash service on the ground that he could not be sued in the district against his consent; in the alternative to strike from the complaint all allegations that go beyond the matters covered in the petition filed with the Secretary and to strike the prayer for an injunction; in the alternative to dismiss the action because the complaint endeavors to state two causes of action, one to review the Secretary's ruling under section 8c(15)(B) of the Act and one for an injunction on the ground that the Act and the Order are unconstitutional. The motion was heard before a three-judge court convened under the Act of August 24, 1937, 28 U.S.C.A. § 380a, providing that an application for interlocutory or permanent injunction against enforcement of a federal statute on constitutional grounds shall be heard by a court composed of three judges.

We are of opinion that the motion should be granted to the extent of striking from the complaint the allegations concerning the necessity for an injunction. The complaint so pruned down will be merely one for review of the Secretary's ruling on the Co-operative's petition, and the case in its further stages will be heard by a single judge.

The suit in equity ("civil action" under the Rules of Civil Procedure, 28 U.S.C.A. following section 723c), prescribed by section 8c(15)(B) of the Agricultural Marketing Agreement Act of 1937, is a method of reviewing for errors of law a decision or ruling by an administrative officer. The Act, after providing that an aggrieved handler may file with the Secretary a petition stating that his order is not in accordance with law and asking for modification or exemption and may have a hearing, and after providing that the Secretary's ruling on the petition shall be "final if in accordance with law", accords to a handler who loses before the Secretary the right to have the Secretary's ruling reviewed by the courts. The review thus afforded is on bill in equity against the Secretary, brought in the District Court of the handler's residence within a twenty day period. On such bill the court shall "review such ruling", and if the court determines that "such ruling is not in accordance with law", it shall "remand" the proceedings to the Secretary with directions to make the ruling determined by the court to be in accordance with law or to take such further proceedings as in the court's opinion the law requires. The final provision is that the pendency of the suit shall not abate counter proceedings brought by the United States or the Secretary to enforce the latter's orders. These statutory provisions, particularly the terms "review" and "remand", savoring as they do of appeals from the District Court to the Circuit Court of Appeals (28 U.S.C.A. §§ 225, 877), make it certain that the District Court is not to conduct a trial de novo, that the question whether a ruling of the Secretary is "in accordance with law" is to be determined on the record before him, save as there may be an exception of issues of constitutional right, and that new issues of fact may not be injected into the case in the District Court. Phillips v. Commissioner, 283 U.S. 589, 51 S. Ct. 608, 75 L.Ed. 1289; Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143. See also Tagg Bros. & Moorhead v. United States, 280 U.S. 420, 443, 50 S.Ct. 220, 74 L.Ed. 524; Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Shields v. Utah Idaho Cent. R. Co.,

pursuant to section 8c [608a] (6) of this title. Any proceedings brought pursuant to section 8a [608a] (6) of this title (except where brought by way of counter-claim in proceedings instituted pursuant to this subsection (15)) shall abate whenever a final decree has been rendered in proceedings between the same parties, and covering the same subject matter, instituted pursuant to this subsection (15)."

305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111. It is equally certain, from the provision for remand and from the provision against abatement of counter proceedings, that the court may not grant injunction. See Utah Fuel Co. v. National Bituminous Coal Commission, 69 App.D.C. 333, 101 F.2d 426, 429. In this respect the present statute is quite different from the statute in respect to review of orders of the Interstate Commerce Commission, which contains express provision for an injunction, Urgent Deficiencies Act of October 22, 1913, 28 U.S.C.A. §§ 41(28), 43–47, and which has been adopted by reference for review of the orders of several other administrative tribunals. It follows that the allegations in the complaint which attack the validity of the Act and of the Order by reason of matters not presented in the petition filed with the Secretary, the allegations which purport to show a need for injunction, and the prayer for injunction have no proper place in a suit to review the Secretary's ruling under section 8c(15) of the Act.

The allegations in question and the prayer for injunctive relief are said by the plaintiffs to be merely ancillary to the suit to review the Secretary's ruling. They clearly are more than that. They represent an independent attack on the Act and Order of the Secretary. Though not labelled a separate cause of action, they constitute an effort to set forth a separate cause of action, a cause of action or grievance that for reasons of a compelling character cannot be tacked on to the proceeding brought to review the Secretary's ruling. There is venue in this district for the proceeding to review the Secretary's ruling, no venue for the suit to enjoin enforcement of the Act and Order on independent grounds. The one is to be heard by a single judge, the other by three judges. The one is a judicial review, to be tried on the record before the Secretary, the other is a plenary suit in equity, to be tried in the usual way on evidence offered in court. The one calls for remand of the proceedings to the Secretary if the plaintiff is successful, the other entitles the plaintiff to an injunction if it should prevail on the merits. The one on appeal goes to the Circuit Court of Appeals, the other directly to the Supreme Court. These obstacles are insurmountable and require that the attempted joinder be discounte-

nanced. See Pittsburgh & West Virginia R. Co. v. United States, 281 U.S. 479, 488, 50 S.Ct. 378, 74 L.Ed. 980; Powell v. United States, 300 U.S. 276, 290, 57 S.Ct. 470, 81 L.Ed. 643.

The effect is that while the present suit is a proper one for review of the Secretary's ruling, the suit cannot carry the extra baggage with which the plaintiffs would load it. It appears on the face of the complaint that an injunction against enforcement of the statute, although demanded, may not be granted in this suit, and without adequate showing for injunction against enforcement of a statute on constitutional grounds, there is no warrant for a three-judge court. See International Ladies' Garment Workers' Union v. Donnelly Garment Co., 304 U.S. 243, 58 S.Ct. 875, 82 L.Ed. 1316. The motion to strike from the complaint the allegations relative to injunctive relief will be granted, and all further proceedings in the case will be before a single judge.

KNIGHT, District Judge, concurs.

COOPER, District Judge (dissenting in part).

The writer agrees that the complaint in substance states two causes of action as to one of which (Review of Decision of the defendant Secretary under Section 8c(15)(B) the Court has jurisdiction of the defendant and as to the other of which this Court has no jurisdiction of the defendant against his will.

The writer therefore agrees that this is not a case for a three-Judge Court and that the prayer for injunction by a three-Judge Court may be stricken out.

The writer, however, does not agree to the inference which will probably be drawn that an injunction mandatory or prohibitory may not be granted by a single Judge under the scope of review provided in Section 8c(15)(B).

In view of the decision of the Supreme Court in Federal Power Commission v. Pacific Power & Light Company et al., 59 S.Ct. 766, 83 L.Ed. ——, handed down April 17, 1939, such question will probably not arise.

Nor does the writer agree that a trial de novo may not be had in a review under 8c(15)(B), but holds that such question is not necessary to be decided on this motion.