**SUTRO BROS. & CO.**

v.

**SECURITIES AND EXCHANGE COMMISSION etc.**

United States District Court
S. D. New York.

Nov. 15, 1961.

Sullivan & Cromwell, New York City, for plaintiff; Marvin Schwartz, Edward C. Stebbins, Jr., New York City, of counsel.

Peter A. Damann, Gen. Counsel, Llewellyn P. Young, Regional Adm'r, David P. Bicks, Sp. Counsel, New York City, Haig Casparian, Washington, D. C., for Securities & Exchange Commission.

RYAN, Chief Judge.

Following the issuance on October 31, 1961 of an "Order for Public Proceedings Pursuant to Section 15(b), 15A, 19(a) (3) of the Securities Exchange Act of 1934 [15 U.S.C.A. § 78o(b), 78o–3, 78s (a) (3)]" against it, plaintiff has moved to restrain the Securities and Exchange Commission from continuing to take "ex parte" sworn testimony relating to any matters alleged in the order. Plaintiff does not challenge the power of the Commission generally to take such secret testimony in connection with an investigation; but it does attack as violative of due process and the Administrative Procedure Act the continuation of such testimony in the investigation once an adjudicative proceeding has been instituted. The narrow issue is whether during the pendency of public proceedings the investigative powers of the Commission are suspended with respect to those matters charged in the proceeding.

An investigation was begun on May 31, 1961 under Section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u(a) to inquire into violations by First Discount Corp. and others of Section 10 (b), 15 U.S.C.A. § 78j(b) and Rule 10b–a (prohibiting manipulative practices in connection with securities).

During the investigation, the Commission issued the order in question naming plaintiff as respondent in administrative proceedings pursuant to Section 15(b), 15A and 19(a) (3) of the Act, to inquire

into violations of margin requirements by plaintiff and the propriety of revoking its broker-dealer registration.

Because these proceedings are required to be public on notice with opportunity for a hearing, plaintiff argues that the Commission may gather further evidence by way of sworn testimony for use therein only by resort to accepted pretrial discovery methods—deposition and interrogatories—on notice to it and with opportunity to cross examine.

We cannot agree. While the Commission's Rules of Practice, 17 CFR 201.15, permit the taking of depositions and interrogatories for use in such proceedings, these rules are expressly made not applicable to investigations conducted under Section 21(a). (See 201.3.) Section 21(a) empowers the Commission to make investigations whenever it appears that the provisions of the Act have been or are about to be violated and Section 21(b) empowers its officers to administer oaths, subpoena witnesses and take evidence. Nowhere in the Act do we find any limitation on this investigative power upon the institution of an adjudicative hearing; nor is there anything in the Administrative Procedure Act, regulating the procedures of the hearing, so circumscribing it. In fact, Section 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009) excepts from judicial review "agency action * * * by law committed to agency discretion."

Whether to continue its investigation under Section 21(a) is a decision resting exclusively within the discretion of the Commission and not reviewable by a Court. Not only may such investigation reveal further evidence for use in the pending proceeding, but evidence of other violations which the Commission is charged by statute with the duty to investigate. The purpose of the statute would be severely frustrated were the power conferred on the Commission to be terminated by the institution of public proceedings against one of the alleged violators. S. E. C. v. Andrews (2d Cir. 1937) 88 F.2d 441.

That the power may not be curtailed even when its exercise is sought to be limited to the quashing of a subpoena is clear from S. E. C. v. Andrews, supra; Bowles v. Bay of New York Coal and Supply Co., 152 F.2d 330 (C.A.2, 1945); and F. T. C. v. Waltham Watch Co., 169 F.Supp. 614 (S.D.N.Y., 1959). It follows that a blanket injunction against the investigation will not lie.

Motion denied. So ordered.