## CRULL v. WICKARD, Secretary of Agriculture.
### No. 263.

District Court, W. D. Kentucky.

Sept. 2, 1941.

Leo J. Sandmann, of Louisville, Ky., for plaintiff.

Edw. O. Mather, of Washington, D. C., and Eli H. Brown, III, U. S. Dist. Atty., of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff filed this action under the provisions of Section 8c(15) (B) of the Agricultural Marketing Agreement Act of 1937, § 608c(15) (B), Title 7, U.S.C.A., to review an adverse ruling of the Secretary of Agriculture. The defendant filed an answer which denied that the Secretary's ruling was not in accordance with law, and coupled with it a counterclaim which alleged that the plaintiff had violated the terms of the Act by failing to make certain payments to the Administrator based on value and volume of milk received by the plaintiff from producers, as required by Order 46 under the Act. It prayed for judgment requiring the plaintiff to comply with the provisions referred to and to make the payments alleged to be in default. The plaintiff has moved to strike the answer and counterclaim from the record, contending that under the statute the matter is before the Court for review only, and that a question not presented by the record in the hearing before the Secretary can not be heard on such a review.

Section 8c(15) (B) of the Act vests in the District Courts jurisdiction in equity "to review such ruling" of the Secretary and "if the court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions * * *". Plaintiff relies upon the decision in New York State Guernsey Breeders Co-op. v. Wallace, D.C.N.D.N.Y., 28 F.Supp. 590 which holds that the statute contemplated a review of the record only, not a trial de novo, and that new issues of fact could not be injected into the case in the District Court. But in that case the new issues presented were attempted to be injected into the case by the plaintiff. The decision is no doubt correct. In the present case the new issue (counterclaim on the part of the Secretary) is brought in by the defendant under express provisions of Section 8c(15) (B), which authorize the filing of a counterclaim for the purpose of enforcing the provisions of the Act and orders made pursuant thereto, as provided by Section 8a(6) of the Act, § 608a(6), Title 7 U.S.C.A. It reads: "Any proceedings brought pursuant to section 8a(6) of this title (except where brought by way of counterclaim in proceedings instituted pursuant to this subsection (15)) shall abate whenever a final decree has been rendered in proceedings between the same parties, * * *". This authorizes, at least by clear implication, the filing of the counterclaim in question, and provides an exception to the general rule above referred to.

Plaintiff's motion to strike is overruled.