**Sheldon MASCHLER and Datek Securities Corp., Plaintiffs,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., Defendant.**

**No. 93–CV–2162 (JRB).**

United States District Court, E.D. New York.

July 27, 1993.

Simon S. Kogan, New York City, for plaintiffs.

Stanley & Fisher, P.C., New York City (Matthew Farley, of counsel), for defendant.

### MEMORANDUM—DECISION AND ORDER

BARTELS, District Judge.

On January 21, 1993, Defendant National Association of Securities Dealers, Inc. ("NASD") disciplined NASD member and plaintiff Datek Securities Corp. ("Datek"), and plaintiff Sheldon Maschler, the head of Datek's trading desk, for using abusive and indecorous language during telephone conversations regarding securities transactions in violation of Article III, § I of the NASD Rules of Fair Practice. *NASD District Business Conduct Committee For District No. 10 v. Datek and Maschler,* No. C10920051 (Jan. 21, 1991). The NASD is a private association of securities brokers-dealers registered with the U.S. Securities and Exchange Commission ("S.E.C.") empowered under § 15A(b)(8) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C.

§ 78o–3(b)(8), with "provid[ing] a fair procedure for the disciplining of members and persons associated with members...." The NASD sanctioned plaintiffs each with a censure and a $5,000 fine, held them jointly and severally liable for costs of $3,281, and further sanctioned Maschler by suspending him from associating with any NASD firm for one day. *Id.*

Plaintiffs' appeal to the NASD National Business Conduct Committee was dismissed as untimely pursuant to Article III, § 1(a) of the NASD Code of Procedure. Their appeal to the S.E.C., made pursuant to § 19(d)(2) of the Exchange Act, 15 U.S.C. § 78s(d)(2), was also dismissed on procedural grounds. *In Re Datek and Maschler,* Admin.Proc.File No. 3–8043, 1993 WL 175228 (S.E.C. May 14, 1993). Although § 25(a)(1) of the Exchange Act, 15 U.S.C. § 78y(a)(1), specifically states that, "[a] person aggrieved by a final order of the ... [S.E.C.] ... entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit....", plaintiffs filed suit challenging the disciplinary action in this Court by predicating subject matter jurisdiction on 5 U.S.C. § 701–707, 15 U.S.C. § 78aa, 28 U.S.C. §§ 1331, 1332, 1337, 1338, 1343(4), 1346(a)(2), 1361, 2201–2202, and 42 U.S.C. § 1985. Compl. ¶ 5. NASD now moves under Fed.R.Civ.P. 12(b)(1) to dismiss for lack of subject matter jurisdiction.

The motion must be granted because § 25(a)(1) of the Exchange Act limits judicial review of final disciplinary orders of the S.E.C. exclusively to the U.S. Courts of Appeals. *Judicial Review of SEC Orders,* 113 A.L.R.Fed. 123, § 6[a] (1993). In *Nassar & Co., Inc. v. S.E.C.,* 566 F.2d 790, 792 (D.C.Cir.1977), the court affirmed the district court's dismissal of an action seeking to have an S.E.C. order declared null and void. *Nassar* reasoned that § 25(a)(1) of the Exchange Act provides that a petition to a court of appeals is the exclusive method of obtaining relief from an S.E.C. final disciplinary order. *Id.* at n. 3. Similarly, in *Mister Discount Stockbrokers, Inc. v. S.E.C.,* 768 F.2d 875, 876 (7th Cir.1985), the court stated in *dictum*

that, "[a]ny final disciplinary sanction imposed by the ... [NASD] ... is subject to review by the ... [S.E.C.] ..., 15 U.S.C. § 78s(d), and final orders of the Commission are reviewable only in the United States Courts of Appeals." *See also S.E.C. v. Andrews,* 88 F.2d 441, 442 (2d Cir.1937) (*per curiam*) (review of an S.E.C. final order "could only be had in a Circuit Court of Appeals").

The Court has carefully considered the merits of the defendant's motion to dismiss, and for the reasons stated above, it is hereby GRANTED.

SO ORDERED.