Gene L. **ROACH**, Plaintiff,

v.

Lani M. Sen **WOLTMANN**, Esq., Defendant.

No. CV 94–5828–WMB.

United States District Court, C.D. California.

Nov. 23, 1994.

**1040**

Gene L. Roach, pro se.

George M. Garvey, Elizabeth Abrams Sellung, Munger Tolles & Olson, Los Angeles, CA, for defendant.

ORDER

WM. MATTHEW BYRNE, Jr., Chief Judge.

## I. BACKGROUND

This case arises out of a National Association of Securities Dealers ("NASD") disciplinary action. On November 7, 1990, the NASD filed a complaint against plaintiff Gene Roach ("plaintiff"), then a member of the NASD, and his firm, Wilshire Discount Securities, Inc., for securities fraud based on conduct by plaintiff in 1989 and 1990. Defendant Lani Woltmann ("defendant") acted as prosecutor for the NASD in a hearing before the NASD district business conduct committee ("DBCC"). As a result, on May 17, 1991, the DBCC fined and censured plaintiff, and barred him from the securities industry.

Plaintiff appealed to the NASD national business conduct committee ("NBCC"). On November 27, 1991, that committee partially affirmed the lower committee's findings, and affirmed the sanctions. Plaintiff then appealed to the Securities and Exchange Commission ("SEC"). The SEC affirmed all but one of the NBCC's findings, and reduced the sanctions, on June 30, 1993.

Plaintiff commenced this action in the Superior Court for the County of Riverside by serving the complaint on defendant on July 27, 1994. Defendant removed to this Court on August 26, 1994.

The following facts are alleged in plaintiff's complaint. In February 1990 defendant started the process that resulted in the NASD filing a complaint against plaintiff. At the NASD hearing and during the preceding investigation, "certain misrepresentations and concealments of material fact were presented as factual." Plaintiff was not undercapitalized in August and September 1989.[1] Defendant had no reasonable grounds for believing the representations were true, and made them with the intent to misinform and confuse, as well as the intent to cause plaintiff severe mental and emotional distress. Defendant used the testimony of a surprise witness, who was suing plaintiff in a separate action. Defendant coerced this witness to give false testimony, and the witness now

1. Apparently this is a material fact which was    misrepresented at plaintiff's hearing.

recalls the events differently. Defendant "is responsible in some manner" for the acts and omissions, and took these actions to advance her own career.

Also, defendant ordered plaintiff not to enter his son's office during business hours, and caused plaintiff's client accounts to be transferred to another firm on 24 hours notice.

As a result of defendant's conduct, plaintiff suffered $1.5 million in damages, as well as severe mental and emotional distress. Furthermore, defendant's acts are likely to mislead the public and the NASD committee.

In his complaint, plaintiff stated eight claims against defendant based on the NASD prosecution: two for fraud and deceit (first and third causes of action); two for negligent misrepresentation (second and fourth causes of action); and one each for breach of fiduciary duty (fifth cause of action), infliction of emotional distress (sixth cause of action), unfair and fraudulent business practices in violation of California Business and Professions Code § 17200 (seventh cause of action), and unjust enrichment (eighth cause of action).

Defendant now moves to dismiss all of plaintiff's claims, on four separate grounds. First, defendant contends that this Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies. Second, defendant's conduct in prosecuting plaintiff is protected by absolute prosecutorial immunity. Third, plaintiff's claims are not pleaded with the required particularity. And fourth, defendant contends that the complaint fails to allege essential elements of any claim upon which relief can be granted.

Because this Court finds that plaintiff failed to exhaust his remedies, it does not address defendant's other arguments.

## II. DISCUSSION

### A. *The Exhaustion Doctrine Applies to NASD Disciplinary Proceedings*

■ It is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938).

■ It is not a foregone conclusion in this circuit that the exhaustion doctrine applies to NASD disciplinary proceedings. Indeed, no Supreme Court or Ninth Circuit case decided this question. However, other circuits, as well as a district court in the Northern District of California, have held that the exhaustion doctrine applies to NASD disciplinary hearings. *See, e.g., Mister Discount Stockbrokers, Inc. v. SEC*, 768 F.2d 875 (7th Cir. 1985); *Merrill Lynch v. NASD*, 616 F.2d 1363 (5th Cir.1980); *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690, 695–96 (3d Cir.1979), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); *Alton v. NASD*, 1994 WL 443460 (N.D.Cal.); *McLaughlin, Piven, Vogel, Inc. v. NASD*, 733 F.Supp. 694 (S.D.N.Y.1990).

These courts noted the NASD's quasi-official status, and that NASD disciplinary decisions are subject to several layers of review, beginning with the NBCC, then the SEC, and finally the courts of appeal. "This structure allows the agency to gather evidence, exercise its discretion, and apply its expertise at more than one level.... Ultimate review by the court of appeals ensures that constitutional or statutory errors will not go unremedied." *First Jersey*, 605 F.2d at 696.

The Court finds that the exhaustion doctrine applies to NASD disciplinary proceedings.

### B. *Plaintiff May Not Appeal a SEC Decision in a NASD Disciplinary Case to this Court*

■ Congress erected a comprehensive procedure for review of NASD disciplinary decisions in 15 U.S.C. § 78s. The NASD's DBCC must hold a hearing to determine whether sanctions are appropriate for an alleged violation of its rules. If the DBCC finds a violation, the aggrieved party may appeal the DBCC's findings and sanction to the NBCC. The NBCC's ruling is then appealable to the SEC. § 78s(d).

Finally, a "person aggrieved by a final order of the Commission ... may obtain

review of the order in the United States Court of Appeals." § 78y(a)(1). A petition to the court of appeals is the exclusive method of obtaining relief from an SEC disciplinary order. *Nassar & Co. v. SEC*, 566 F.2d 790, 792 n. 3 (D.C.Cir.1977); *Maschler v. NASD*, 827 F.Supp. 131, 132 (E.D.N.Y.1993); *Prevatte v. NASD*, 682 F.Supp. 913, 918 (W.D.Mich.1988).

In *Nassar*, the SEC entered an order revoking Nassar's registration and expelling it from membership in the NASD. Nassar then filed a new action in the district court seeking to have the SEC order declared null and void. The court of appeal affirmed the district court's dismissal for lack of jurisdiction, holding that § 78y provides for review of SEC orders in the courts of appeal, and "such relief is exclusive." 566 F.2d at 792 n. 3. Similarly, in *Maschler*, a plaintiff filed a challenge to an SEC disciplinary order in district court. That court dismissed for lack of jurisdiction, since plaintiff's sole avenue of relief was in appeal to the court of appeal. 827 F.Supp. at 132.

*Prevatte* is a complicated but instructive case. The NASD filed three different complaints against a member and his firm in 1980, resulting in three disciplinary sanctions. The member appealed each to the SEC, which affirmed in 1981, but failed to appeal the SEC decisions to the United States courts of appeal. Instead, he filed suit in district court in 1984. The district court dismissed, reasoning that by failing to appeal to the court of appeal, the member had failed to exhaust his administrative remedies. 682 F.Supp. at 918. It noted that "[p]laintiffs may not now raise these issues again." *Id.*

Here, defendant argues that plaintiff failed to exhaust his administrative remedies, because he did not appeal the SEC's decision. Plaintiff does not respond to this argument.

■ Plaintiff appealed the adverse NASD decision to the NBCC, the second level of NASD review, and then to the SEC. Plaintiff's exclusive remedy then was to appeal the SEC decision to the United States courts of appeal. However, like the plaintiffs in *Maschler* and *Prevatte*, he did not. Thus, plaintiff failed to exhaust his remedies as set out

in 15 U.S.C. § 78s. He "may not now raise these issues again." *Prevatte*, 682 F.Supp. at 918.

### C. *No Exception to the Exhaustion Doctrine Applies Here*

■ Despite a plaintiff's failure to exhaust his administrative remedies, a district court may have jurisdiction "1) when the administrative procedure is clearly shown to be inadequate to prevent irreparable injury; or 2) when there is a clear and unambiguous statutory or constitutional violation." *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690, 696 (3d Cir.1979); *Alton v. NASD*, 1994 WL 443460 at 3 (N.D.Cal.). Also, the futility of further administrative review may permit a district court to take jurisdiction. *See, e.g., J.W. Gant v. NASD*, 791 F.Supp. 1022, 1025 (D.Del.1992); *cf. Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir.1991) (exhaustion not required in the habeas corpus context where pursuing those remedies would be futile).

■ However, judicial intervention before exhaustion of administrative remedies is an "extraordinary remedy." *Alton*, 1994 WL 443460 at 5.

Plaintiff does not argue that any of these exceptions apply in this case. However, plaintiff does allege in his complaint that the disciplinary proceedings caused him to lose his occupation and livelihood, severe mental and emotional distress, and $1.5 million in damages. Plaintiff also contends that the results of the NASD proceeding have disadvantaged him in other lawsuits.

■ These facts should not constitute irreparable injury. Plaintiff's loss of his occupation and livelihood is the same injury suffered by nearly every person sanctioned by the NASD. *See First Jersey*, 605 F.2d at 697 (finding no irreparable injury where plaintiff claimed an adverse NASD ruling would probably be fatal to company); *Alton*, 1994 WL 443460 at 3 (no irreparable injury where plaintiff alleged he was unemployable because of NASD's actions). Furthermore, the statutory procedure for appeal to the United States courts of appeal is not inadequate for addressing these concerns.

Nor do plaintiff's allegations present "a clear and unambiguous statutory or constitutional violation" by the agency. *First Jersey*, 605 F.2d at 696. The vast majority of plaintiff's allegations are vague and conclusory. Plaintiff contends that defendant misrepresented the facts of his case to the NASD committee, and omitted material facts. None of these allegations presents a clear statutory or constitutional violation.

■ Finally, the futility exception should not apply here. The SEC handed down its decision on June 30, 1993. For plaintiff to now seek review of the SEC decision in a United States court of appeal technically would be futile, since the 60 day period for requesting such review expired long ago. § 78y(a)(1). However, the futility exception was designed to apply not to this circumstance, but to cases where the reviewing body will almost certainly reach the same decision as the lower panel, see *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir.1993), or where there is objective and undisputed evidence of administrative bias, see *Joint Bd. of Control of Flathead v. United States*, 862 F.2d 195, 200 (9th Cir.1988).

Furthermore, the policy supporting the exhaustion of remedies doctrine, and the futility exception, would not be served by finding that the exception applies here. To so hold would give persons aggrieved by an SEC decision the perverse incentive to delay requesting review in the courts of appeal, and then file a new action in another court. This would enable them to circumvent the comprehensive procedure designed by Congress to provide multiple levels of review of NASD disciplinary hearings, among other proceedings.

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff failed to exhaust his statutory remedies before filing suit in this Court. Thus, the Court lacks subject matter jurisdiction. The Court GRANTS the motion to dismiss.