Kenneth M. LANG

v.

Charles E. FRENCH.

Civil Action No. 96–3761.

United States District Court,
E.D. Louisiana.

Aug. 4, 1997.

Brett John Prendergast, New Orleans, LA, for Plaintiff.

Malcolm B. Robinson, Jr., Metairie, LA, for Defendant.

Charles E. French, Metairie, LA, pro se.

## ORDER AND REASONS

DUVAL, District Judge.

A Motion for Summary Judgment was filed by plaintiff Kenneth M. Lang and taken on the papers. The Court has reviewed the pleadings, exhibits, memoranda and the relevant law and finds the motion is without merit.

### Background

The essential facts of this matter are not contested. What is fundamentally at issue is whether this court can enter judgment to enforce an order of restitution issued by the Securities and Exchange Commission ("SEC").

In July 1993, Kenneth Lang ("Lang") requested an investigation by the National Association of Securities Dealers ("NASD"), a registered securities association, concerning the activities of his former investment counselor, defendant Charles E. French ("French"). As a result of this investigation, on March 3, 1994, a formal complaint was issued charging, inter alia, that French induced Lang to purchase a promissory note for $50,000 by making misrepresentations of material fact and failing to provide adequate disclosure for plaintiff to make a fully informed investment decision, in violation of Article III, Sections 1 and 18 of the NASD's Rules of Fair Practice.[1]

On August 9, 1994, a hearing was held before a Hearing Sub–Committee designated by the NASD's District Business Conduct Committee for District 5. French appeared at the hearing where he was represented by counsel. On November 8, 1994, the District Business Conduct Committee issued a decision finding that French had engaged in a scheme to defraud plaintiff in the purchase of the note by making misrepresentations of material fact and failing to provide adequate disclosure for plaintiff to make a fully informed investment decision, in violation of Article III, Sections 1 and 18 of the NASD's Rules of Fair Practice. Pursuant to the authority granted by 15 U.S.C. § 78o–3 [2] and

---

1. From the Court's review of the SEC record that was provided, the NASD relied solely on its rules as its basis for assessing the restitution order. Apparently, the administrative findings do not rely on any substantive provision of the Exchange Act itself.

2. This section deals with registered securities associations and their self-regulation and estab-

Article V, Section 1 of the NASD's Rules of Fair Practice, the Committee ordered, *inter alia,* French to pay restitution in the amount of $50,000 to plaintiff plus simple interest at the rate of 9% per annum from September 3, 1991 through the date of full payment of restitution.[3]

Pursuant to Article III, Section 1 of the NASD's Code of Procedure, French appealed the District Committee's decision to the National Business Conduct Committee of the NASD. After a review of the record and appeal statements, the National Business Conduct Committee issued a decision on May 18, 1995, which upheld both the findings of and the sanctions imposed by the District Committee.

Pursuant to 15 U.S.C. § 78s, French filed an appeal of the National Business Conduct Committee's decision with the SEC on June 15, 1995. On July 8, 1996, after an independent review of the record and the briefs filed, the SEC issued an opinion and an order sustaining the action taken by the NASD. As explained in the Securities and Exchange Commissions findings:

> The NASD found that French's activities violated Article III, Sections 1, 18 and 40 of the NASD's Rules of Fair Practice. Section 1 requires that members, in the conduct of their business, observe high standards of commercial honor and just and equitable principles of trade. NASD Manual (CCH 1994 ed). ¶ 2151, p.2014. Section 18 proscribes the use of deceptive or other fraudulent devices in securities transactions. NASD Manual (CCH 1994 ed.) ¶ 2168, p; 2080. Section 40 prohibits any person associated with a member firm from participating in any manner in a private securities transaction outside the regular course or scope of his employment without providing prior written notice to the member. NASD manual (CCH 1994 ed.) ¶ 2200, p. 2156.

(Complaint, Exhibit "A" at n. 1, p. 2).

French did not file an appeal of the SEC opinion with either the United States Court of Appeals for the Fifth Circuit or the United States Court of Appeals for the District of Columbia Circuit.

## Basis of Motion

Lang asks this Court to "enforce" the SEC "judgment." He asserts that this Court has jurisdiction to do so pursuant to 15 U.S.C. § 78aa which provides in relevant part:

> The district court of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or rules and regulations thereunder.

Based on this jurisdictional grant, Lang also contends that the Court is empowered because of its equity powers to simply enter the identical judgment as that entered by the SEC without a trial on the merits of the claim of French's wrongdoing.

## Analysis

The NASD is a nonprofit Delaware corporation registered with the Securities and Exchange Commission ("SEC") as a national securities association pursuant to the Maloney Act, 52 Stat. 1070 (1938), 15 U.S.C. §§ 78o–3, et seq. amending the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78a, *et seq. Austin Municipal Securities v. National Ass'n of Sec. Dealers,* 757 F.2d 676; 680 (5th Cir.1985). Under the Maloney Act, guidelines for the formation and oversight of self-regulatory organizations were established. "Congress delegated power to enforce, at their own initiative, 'compliance by members of the industry with both the legal requirement laid down in the Exchange Act and the ethical standards going beyond those requirements.'" *Id.* (emphasis added), *quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Association of*

---

lishment of rules of conduct. See discussion of the Maloney Act, *infra* at 568.

**3.** The NASD also found that French engaged in a private securities transaction without giving his firm the requisite prior written notification and committed fraud in connection with the sale of that security. The NASD also censured French, fined him $15,000, and barred him from association in any capacity with any member of the NASD.

*Securities Dealers, Inc.,* 616 F.2d 1363, 1367 (5th Cir.1980), *quoting* S.Rep. No. 94–75, 94th Cong., 1st Sess. 23 (1975), 1975 U.S.Code & Ad.News 179, 201.

Lang has been unable to provide the Court with a single case where a district court has enforced a "judgment" rendered by NASD or the SEC. This Court's independent research has likewise found not a single reported case where a district court has entered judgment on the findings of this self-regulatory body. After extensive research, the Court finds that it does not have the authority to adopt the judgment of a self-regulatory body as its own and enforce it. This decision is based on a review of the statutory scheme, case law concerning section 78aa and language found discussing restitution under the NASD rules.

**The Statutory Scheme**

The statutory scheme with respect to an SEC order of this nature provides for an appeal by a person **adversely** affected by a rule of the SEC based on § 78o–3 to be lodged directly in the United States Court of Appeals for the circuit in which he resides or has his principal place of business or for the District of Columbia Circuit with 60 days of the promulgation of the rule. 15 U.S.C. § 78y. A district court is not empowered with respect to the review of the Commission's findings. Thus, had **French** sought relief, this Court would not have had the power to entertain the matter. *Maschler v. National Assoc. of Sec. Dealers, Inc.,* 827 F.Supp. 131 (E.D.N.Y.1993).

In *Maschler,* a member of NASD and an employee of that firm filed suit predicating subject matter jurisdiction on *inter alia* § 78aa challenging disciplinary action against them for violating the association's Rules of Fair Practice. The NASD moved to dismiss the case based on lack of subject matter jurisdiction. The district court held that the Securities Exchange Act limited judicial review of a final disciplinary order of the SEC exclusively to the Court of Appeals. The court stated:

> The motion [to dismiss] must be granted because § 25(a)(1) of the Exchange Act limits judicial review of final disciplinary order of the S.E.C. exclusively to the U.S. Courts of Appeals. . . . In *Nassar & Co.,*

*Inc. v. S.E.C.,* 566 F.2d 790, 792 (D.C.Cir. 1977), the court affirmed the district court's dismissal of an action seeking to have an S.E.C. order declared null and void. Nassar reasoned that a petition to a court of appeals is the exclusive method obtaining relief from an S.E.C. final disciplinary order.

*Id.* at 132. While the Court recognizes this does not address the inverse—the person **benefitted's** rights—it casts doubt as to this Court's jurisdiction to entertain any action based on such disciplinary action. If the district court has not rendered that judgment and does not have the power to review it, how then would it have the power to simply adopt and enforce it?

Furthermore, it should be noted:

> SROs are private organizations that operate subject to a scheme of government regulation. They generally are not subject to the requirement applicable to a government agency. *Shultz v. SEC,* 614 F.2d 561, 569 (7th Cir.1980) (Chicago Board Options Exchange not "authority of the government" and thus not governed by the Administrative Procedure Act); *United States v. Solomon,* 509 F.2d 863, 868–71 (2d Cir.1975) (self-incrimination privilege does not apply to questioning in New York Stock Exchange proceeding); *Daniel Turov,* 51 S.E.C. 235,238 (1992) (Fifth, Sixth, and Seventh amendment to United States Constitution do not apply to New York Stock Exchange, which is not a government agency); *Sunner B. Cotzin* 45 S.E.C. 575, 578 (1974) (NASD not a federal agency subject to strictures of the Administrative Procedure Act).

*In the Matter of the Application of Henry James Faragalli. Jr.,* 63 S.E.C. 651 at 12, n. 36 (November 26, 1996); 1996 WL 683707, at 15. Likewise, there is no statute of limitations applicable to disciplinary actions brought by self-regulatory organizations like NASD. *Id.*

**Section 78aa Provides No Private Right of Action**

Another indication that it was not Congress' intent for the district court to enforce

this type of disciplinary order is that there is no private right of action created by § 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, with respect to NASD rules. In *Shahmirzadi v. Smith Barney, Harris Upham & Co., Inc.*, 636 F.Supp. 49 (D.D.C. 1985), investors sued a stockbroker and a stockbrokerage firm for alleged common-law fraud and violations of federal securities laws and rules of New York Stock Exchange and the NASD. The defendants moved to dismiss the claims based on the "Rules and/or Constitution of the NYSE and/or the NASD." The court held that no intent to delegate authority to create a private right of action could be implied from statutes authorizing NYSE and NASD rules. As such, the Court dismissed those claims. It stated:

> Prior to *Touche Ross [& Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) ] and *Transamerica [Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) ], some courts had implied causes of action from NYSE rules through the conjunction of §§ 6(b) and 27 of the Securities Exchange Act (SEA) 15 U.S.C. §§ 78f(b), 78aa (1981). Section 6(b) requires exchanges to develop rules promoting "just and equitable principles of trade." The duties created by these rules were held privately enforceable through § 27. Section 27 provides that any action may be "brought to enforce any liability or duty created by this chapter or the rules or regulations thereunder." [citations omitted]

> Similarly, a private cause of action could be implied from the NASD rules through the conjunction of §§ 15A(b)(6) and 27 of the SEA, 15 U.S.C. §§ 78o–3(b)(6)[4], 78aa (1981). Section 15A(b)(6) requires a stock exchange to adopt disciplinary rules. Those rules would then be enforceable through § 27.

> The *Touche Ross* Court rejected the idea that § 27 of the SEA created a private cause of action. The Court noted:

> > Section 27 grants jurisdiction to the federal courts and provides for venue and service of process. It creates no cause of action of its own force and effect; it imposes no liabilities. The source of plaintiff's rights must be found, if at all, in the substantive provisions of the 1934 Act which they seek to enforce, not in the jurisdictional provision.

> *Touche Ross,* 442 U.S. at 577, 99 S.Ct. at 2490.

> As the duties created by §§ 6(b) and 15A(b)(6) no longer can be enforced through § 27, the cause of action would have to be implied from §§ 6(b) and 15A(b)(6) standing alone. Sections 6(b) and 15A(b)(6) do not, by themselves, create a private cause of action. The *Touche Ross* Court limited statutes from which private causes of action could be implied to those statutes which "prohibited certain conduct or create federal rights in favor of private parties." *Id.* at 569, 99 S.Ct. at 2485. The *Jablon [v. Dean Witter & Co.,* 614 F.2d 677 (9th Cir.1980)] court had found that neither § 6(b) nor § 15A(b)(6) conferred rights on private parties or proscribed conduct as unlawful. *Jablon,* 614 F.2d at 680–81. As no intent to delegate the authority to create private rights of action can be implied from the statutes authorizing NYSE and NASD rules, no private right of action can be conferred by the rules themselves.

*Shahmirzadi,* 636 F.Supp. at 52. Again, while plaintiff has not sought a "private right of action" (he has not sued French in this court directly based on these statutes), he is trying to do indirectly—enforce a **disciplinary judgment** based on these statutes—in this Court. While not precisely analogous to a suit based on a "private right of action," the *Shahmirzadi* analysis makes this Court even more leery of granting, indeed, even entertaining this suit.[5]

A review of the order assessing the restitution demonstrates that the sole basis for the NASD/Commission judgment was French's disregard of the NASD Rules of Fair Prac-

**4.** Section 78o–3(b)(6)concerns rules of the association which are designed to prevent fraudulent and manipulative acts and practices.

**5.** The Court notes that perhaps the proper party to seek enforcement of this order of restitution may be the SEC pursuant to 15 U.S.C. § 78u(e).

tice. Lang could not have asserted a cause of action against French based on the NASD rules in federal court directly. Again, while this case does not squarely reject the enforcement as sought, a reasonable extrapolation would be that Lang could not seek relief through NASD and then seek to enforce a right which the federal courts exercising their own jurisdiction do not recognize.

**NASD Rules Discussion**

Finally, the Court found two other documents which indicate that plaintiff's position is meritless. In "Commission Remands Disciplinary Proceeding Against Toney Reed for NASD Determination Whether Restitution Order is Appropriate" SECDIG 96–156–3, 1996 WL 465827 (Aug. 16, 1996), a report on certain action taken by the Commission with respect to a restitution order, it states:

> The Commission observed that registration revocation is the practical consequence to NASD members and associated persons of a failure to pay ordered restitution.

*Id.* There is no mention of the ability to enforce the restitution order in federal court.

The second document found discussed the notice of filing of proposed rule change concerning contingent sanctions, File No. SR–NASD–91–31, April 3, 1992. While the content of the proposed amendment is not relevant to the instant issue, it is interesting to note that one commenter's opposition to the proposed change in which he states "restitution orders may place respondent in the position of paying customers twice for a single loss, once through the NASD and once in civil court." The NASD response to that comment was as follows:

> The NASD also does not believe that the rule change will result in double exposure for respondents. If a respondent remunerates a client pursuant to an NASD order of restitution and the customer seeks additional damages in civil court, the respondent is free to argue that he is relieved of the portion of civil liability equal to the amount paid.

Release No. 34–30554, 1992 WL 77684, p. 3. The Court views this statement as an indication that restitution as a disciplinary action is of a different nature than bringing suit for restitution in a civil court; however, as a measure of damages, they are analogous. Again, there is a difference between adopting an order based on NASD rules and a lawsuit based either on a specific defalcation of a securities **law** (not disciplinary rule) or based on the legal concept of restitution in which proof is demonstrated to the presiding court.

**Conclusion**

The Court does not doubt that indeed Lang may be entitled to restitution in some form; however, with respect to collecting that amount which has been ordered by NASD, the Court believes that plaintiff must look to the NASD to enforce that order. This Court cannot simply recognize the Commission "judgment" as it has no power to review the underlying findings. While those findings may be "final" as no appeal to the Circuit court was made, the Court believes that the great weight of law, while not directly on point, prevents the Court from granting this type of relief. The Court has not been provided with any rule under the law that would allow it to take this course of action.

**IT IS ORDERED** that plaintiff's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that a status conference shall be held at a time to be arranged by the Courtroom Deputy concerning the management of this case.